```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICTORIA GRIBBIN,                                         :
                                                          :
                              Plaintiff,                  :
                                                          :
              -against-                                   :
                                                          :
NYS UNIFIED COURT SYSTEM, 10TH                            :
DISTRICT SUPREME MATRIMONIAL COURT,                       :
EDMUND M. DANE, VERONICA                                  :
IRWIN, ET. AL,                                            :
                                                          :
                              Defendants.                 :
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 30 2018 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER
18-CV-6100 (JFB) (GRB)

JOSEPH F. BIANCO, District Judge:

On November 29, 2018, the Victoria Gribbin ("Gribbin" or "plaintiff"), acting *pro se*, filed an Order to Show Cause in this Court seeking a preliminary injunction and temporary restraining order.

Plaintiff's request for preliminary injunctive relief – whether in the form of a temporary restraining order ("TRO") or a preliminary injunction – is denied. Plaintiff has not satisfied the criteria required for the entry of such relief. Generally, to obtain a TRO, a plaintiff must show: that (1) she will suffer irreparable harm if the TRO is not issued and (2) either (a) that she is likely to succeed on the merits of her claim; or (b) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party. *Tang Capital Partners, LP v. Cell Therapeutics, Inc.*, 591 F. Supp. 2d 666, 670 (S.D.N.Y. 2008); *accord Syler v. Woodruff*, 610 F. Supp. 2d 256, 262 (S.D.N.Y. 2009); *Foley v. State Elections Commission*, No. 3:10cv1091 (SRU), 2010 WL 2836722, at *3 (D. Conn. July 16, 2010). A TRO "is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D.

Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." *Hogan v. Fischer*, No. 09-CV-6225-CJS-JWF, 2009 WL 4042266, at *1 (W.D.N.Y. Nov. 19, 2009) (citing *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997)).

Plaintiff's Order to Show Cause does not establish that she is likely to succeed on the merits of his claims; or that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in her favor. In particular, it appears as though plaintiff's claims are barred as the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. "'*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiffs federal suit commenced.'" *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, *18 (2d Cir. Jan. 3, 2013) (quoting *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim when that plaintiff is "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Here, plaintiff has clearly lost in state court and is seeking to this Court review and modify the state court's Judgment of Divorce and subsequent orders which relate to the sale of her home and equitable distribution via a receiver. *See* Pl.'s Memorandum of Law, at 2 ("Plaintiff requests this Court grant temporary orders enjoining the Defendants, NYS USC

2

Matrimonial Court, Edmund M. Dane and Veronica Irwin, Esq. from conducting a closing and selling Plaintiff's home located at 79 Colonial Parkway Manhasset, N.Y., force Plaintiff to vacate her home and remove her property, allow property she jointly owns to be removed, enforce orders issued on or about May 15, 2018, September 17th 2018 and Novmeber 5, 2018 in the matter of Gribbin v. Gribbin #2008/200345 and from issuing further orders and proceedings pending this Court's ruling on the merits...."). Plaintiff effort to re-label her claims as violations of federal law does not avoid the application of this doctrine. *See Davidson v. Garry*, 956 F. Supp. 265, 268-69 (E.D.N.Y. 1996). Thus, based upon a review of the Complaint and Order to Show Cause papers, it appears that this lawsuit is barred by *Rooker-Feldman*. Moreover, it appears that the lawsuit also may be barred by the domestic relations exception to subject matter jurisdiction because it is seeking to have this Court adjudicate a matrimonial dispute being litigated in state court. *See Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996). Finally, any claims against state court judges in connection with their rulings in the matrimonial action are precluded by the doctrine of absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

In sum, plaintiff has not established that she is likely to succeed on the merits of her claims; or that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in her favor. Accordingly, the request for a TRO or preliminary injunction is denied.

SO ORDERED.

*Joseph Bianco*

Dated: November 30, 2018
      Central Islip, New York

Joseph F. Bianco
United States District Judg